UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYLAN M. BROWN,

    Plaintiff,                                      Case No. 05-60072

v.

                                          Hon. John Corbett O'Meara

SKY CHEFS, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, filed May 10, 2006. The matter is fully briefed and the court heard oral argument on June 29, 2006. For the reasons set forth below, Defendant's motion is granted.

**BACKGROUND FACTS**

Plaintiff, Mylan Brown, is suing Defendant, Sky Chefs, Inc., for negligence. Brown is a Northwest Airlines flight attendant who was injured while chasing down a runaway food service cart while aboard a Northwest flight. Sky Chefs catered the flight and was responsible for placing the food service carts on board. Brown contends that it was Sky Chefs' duty to lock the wheels of the food service cart and, but for its failure to do so, she would not have been injured.

**LAW AND ANALYSIS**

Sky Chefs asserts that it is entitled to summary judgment because it had no duty to lock the food service cart wheels as a matter of law. According to Sky Chefs, federal regulations place the duty of securing food service carts on the airline, not the caterer:

        The certificate holder [the airline] must provide and use means to

> prevent each item of galley equipment and each serving cart, when not in use, and each item of crew baggage, which is carried in a passenger or crew compartment from becoming a hazard by shifting under the appropriate load factors corresponding to the emergency landing conditions under which the airplane was type certified.

14 C.F.R. § 121.576. An additional regulation provides, in part, that "[n]o certificate holder may permit an airplane to move on the surface, take off, or land unless each passenger serving cart is secured in its stowed position." 14 C.F.R. § 121.577(c).

Despite these provisions, Plaintiff alleges that Sky Chefs agreed to undertake Northwest's duty to lock the carts as a matter of contract between Sky Chefs and Northwest. Nothing in the parties' agreement, however, suggests that Sky Chefs undertook the duty to lock the food service carts. See Reply at Ex.1 (contract). Plaintiff points to a July 1, 2001 Northwest memo, which was apparently faxed to Sky Chefs. Pl.'s Ex. 3. Among other things, the memo directs that "after carts are loaded, brakes must be set, latches locked or security bars in position." (There is no indication regarding who wrote the memo, however, or to whom it is addressed.) Further, as Sky Chefs points out, there is no evidence that the unauthenticated memo is part of its agreement with Northwest. Nor is there any authority for the proposition that Northwest is permitted to delegate the duties imposed upon it by the FAA regulations to its vendors.

Plaintiff also references a Sky Chefs safety manual, which addresses the safe handling of food carts. The manual specifically addresses, however, the safe handling and securing of food carts en route to the aircraft, not while on board the aircraft. See Pl.'s Ex. 4. Plaintiff has further supplied the affidavit of a former Sky Chefs worker, who states that he believed that locking the cart wheels was his responsibility. His subjective belief is not dispositive, however, to the

question of whether a duty exists as a matter of law.  Further, even if Sky Chefs had an internal policy that its employees should lock cart wheels, such an internal policy does not create a legal duty on its part.  See Zdrojewski v. Murphy, 254 Mich. App. 50, 62 (2002); Buczkowski v. McKay, 441 Mich. 96, 99 n.1 (1992); Gallagher v. Detroit-Macomb Hosp. Ass'n, 171 Mich App. 761, 764-65 (1988).

Plaintiff fails to supply any authority that Sky Chefs had a legal duty to lock the food service carts on board the aircraft, particularly in light of the FAA regulations placing that duty squarely on the airline.  In a case similar to this one, the Sixth Circuit determined that Sky Chefs did not owe a duty to a flight attendant who was injured by a runaway cart.  See Moore v. Sky Chefs, Inc., 79 Fed. Appx. 130 (6th Cir. 2003) (unpublished).  In Moore, the court determined that neither the contract between Sky Chefs and Northwest nor Michigan common law imposed a duty on Sky Chefs to secure the food service carts on board the aircraft.  The court reasoned:

> The FAA imposed a duty on Northwest and its flight attendants to lock . . . the beverage carts . . . and the food-service carts. . . .  That duty not only applied before the flight took off but also applied during the flight.  Under these circumstances, it is difficult to imagine any risk of harm caused by the failure of Sky Chefs to lock the carts.  Sky Chefs' duties under the contract ended once the carts were placed on the aircraft.  And, at that point, it had every reason to believe that Northwest would perform its duty of locking the carts before, during, and indeed throughout, the flight.

Id.

Similarly, this court finds that Plaintiff has not demonstrated that Sky Chefs had a duty to lock the food service cart wheels on the aircraft.  As a result, Plaintiff cannot satisfy all the elements of a negligence claim and Defendant is entitled to summary judgment.

IT IS HEREBY ORDERED that Defendant's May 10, 2006 motion for summary judgment is GRANTED.


Dated: July 11, 2006                                          s/John Corbett O'Meara
                                                              United States District Judge




Certificate of Service

I hereby certify that a copy of this Opinion and Order was served upon the attorneys of record by electronic means or U. S. Mail on July 11, 2006.

                                                              s/William J. Barkholz
                                                              Courtroom Deputy Clerk